2020 IL App (1st) 182274-U

No. 1-18-2274

Order filed May 20, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 1739 |
| | ) | |
| ALEX PICALLO, | ) | Honorable |
| | ) | Colleen Ann Hyland, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Ellis and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the trial court's denial of defendant's motion for leave to file a successive postconviction petition based on his failure to satisfy the cause and prejudice test where his challenge to his 10-year term of mandatory supervised release could have been raised in his initial petition.

¶ 2    Defendant Alex Picallo appeals from the trial court's denial of his motion for leave to file

a successive petition for postconviction relief under the Post-Conviction Hearing Act (725 ILCS

5/122-1 *et seq.* (West 2016)). He contends that he satisfied the requisite cause and prejudice test

to file a successive petition regarding his claim that the trial court erred in imposing a determinate 10-year mandatory supervised release (MSR) term. For the following reasons, we affirm.

¶ 3    On December 9, 2011, defendant pled guilty, pursuant to a negotiated plea, to aggravated criminal sexual assault the 14-year-old victim, A.C., in exchange for a six-year sentence. The court also imposed a 10-year mandatory supervised release (MSR) term. The State nolled in excess of 35 other charges against defendant.

¶ 4    The factual basis for the plea revealed that A.C. would testify she met defendant and codefendants Jonathan Leanos and Khalifeh Majeed six months prior to the incident, which occurred on January 8, 2011, and had informed them that she was 13 years old and about to turn 14.[1] On the day in question, Leanos drove A.C. to his house in Stickney, Illinois, where the two engaged in a sexual act. When she attempted to leave, Leanos grabbed her, threw her against a wall, and told her that she was going to do what he told her to do.

¶ 5    Leanos told A.C. he was going to pick up his friends and she was going to have sex with them. Leanos forced A.C. to sit in the back seat of his car and drove to pick up defendant, Majeed, and codefendant Vincente Hernandez.[2] They returned to Leanos' house, where Leanos ordered A.C. to go into the bedroom with Hernandez. Leanos instructed A.C. to do "whatever [Hernandez] told her to do." Hernandez undressed A.C., forced her to perform oral sex on him, and then forced her to engage in vaginal sex with him.

¶ 6    Majeed and defendant entered the bedroom and, once Hernandez had left, they locked the door. Defendant lay on the bed and forced A.C. to perform oral sex on him. Majeed simultaneously

---

[1] The codefendants are not parties to this appeal.

[2] Codefendant Hernandez is also not a party to this appeal.

had vaginal and anal sex with her. A.C. asked defendant why he was "doing this" to her and he told her to "deal with it." Defendant attempted to take a photograph with his cellphone but stopped when A.C. objected.

¶ 7     Leanos then unlocked the bedroom door and entered the room with Hernandez. Leanos and Hernandez began video recording the sex acts between A.C., defendant, and Majeed with their cellphones. Defendant and Majeed switched positions with Majeed receiving oral sex from A.C. while defendant penetrated her vaginally. When they had finished, Leanos attempted to have vaginal sex with A.C. again but stopped and said they had to leave.

¶ 8     The State would present the cellphone video recording of the sex acts involving 14-year-old A.C.

¶ 9     During the plea hearing, the State informed the court of its six-year offer to defendant and stated, "He must register as a sex offender for life. The Court must impose an MSR period between three years and life in this case." In admonishing defendant, the court told him his charge carried a possible sentence ranging from 6 to 30 years' imprisonment and would be "followed by a period of time on mandatory supervised release, which is anywhere from three years all the way up to life." Defendant indicated he understood the possible sentence. Defendant also indicated that he was pleading guilty of his own free will and was not threatened or promised anything in order to induce a guilty plea. He responded "[y]es," when the court inquired whether he swore that the facts set forth in the State's factual basis were true and accurate.

¶ 10     The court found that defendant understood the nature of the charges against him, the possible penalties and his rights, and was freely and voluntarily pleading guilty. The court then entered a finding of guilt against defendant for aggravated criminal sexual assault and sentenced

him to six years' imprisonment and imposed a 10-year MSR term. The court admonished defendant of his appellate rights. Defendant did not file a postplea motion to withdraw his plea or pursue a direct appeal.[3]

¶ 11 On December 8, 2014, defendant, with the assistance of counsel, filed an initial petition for postconviction relief under the Act, alleging, in relevant part, ineffective assistance of counsel for failing to inform him prior to the time of the plea that he was subject to a 10-year MSR term and would be required to register as a sex offender. The trial court summarily dismissed his petition, and we affirmed on appeal. *People v. Picallo*, 2016 IL App (1st) 150719-U. With regard to his claim that counsel failed to inform him of the MSR term, we noted defendant failed to argue that claim on appeal and had therefore forfeited it. *Picallo*, 2016 IL App (1st) 150719-U, ¶ 9.

¶ 12 On February 6, 2018, defendant, again with the assistance of counsel, filed a motion for leave to file a successive postconviction petition. Defendant alleged his sentence and plea agreement were void and should be vacated because the trial court imposed a determinate 10-year MSR term, rather than an indeterminate term of three years to life mandated by statute (see 730 ILCS 5/5-8-1(d)(4) (West 2010)). Defendant contended that his erroneous MSR term violated his due process rights because he was entitled "to be fairly and properly and knowingly sentenced" and "to receive the benefit of a bargain." With respect to the cause and prejudice test, he argued that (1) he could not have raised the claim sooner because he was a minor at the time of his plea and unaware that his MSR term was erroneous, and (2) he was prejudiced because he "may be

---

[3] We allowed defendant leave to file a late notice of appeal on May 30, 2012. *People v. Picallo*, 1-12-1433 (May 30, 2012) (dispositional order). We later allowed defendant's motion to dismiss his appeal. *Picallo*, 1-12-1433 (Mar. 18, 2013) (dispositional order).

required" to serve a greater MSR term than if he had been correctly sentenced to an indeterminate MSR term.

¶ 13    On June 15, 2018, the trial court denied defendant's motion for leave to file a successive petition under the Act, finding defendant failed to satisfy the cause and prejudice test because his claim could have been brought on direct appeal and in his first initial petition.

¶ 14    On appeal, defendant argues that he should be permitted leave to file a successive postconviction petition because his claim that the trial court erred in imposing a determinate 10-year MSR term satisfies the cause and prejudice test. He alternatively argues that his sentence is void, and he should be permitted to withdraw his plea.

¶ 15    The State responds that, while the trial court erred in imposing a determinate MSR term, defendant nonetheless failed to satisfy the cause and prejudice test due to his failure to raise his claim earlier. Further, relying on *People v. Castleberry*, 2015 IL 116916, the State argues that his sentence is not void and is not subject to postconviction relief under the Act.

¶ 16    The Act provides a mechanism for criminal defendants to challenge their convictions or sentences on grounds of constitutional violations. *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). The Act generally contemplates the filing of only one postconviction petition (725 ILCS 5/122-1(f) (West 2016)), and "it expressly provides that any claim not raised in the original or amended petition is waived" (*People v. Evans*, 2013 IL 113471, ¶ 10; 725 ILCS 5/122-3 (West 2016)). When a defendant seeks to file a successive postconviction petition, he must first obtain "leave of court." See 725 ILCS 5/122-1(f) (West 2016); *People v. Tidwell,* 236 Ill. 2d 150, 157 (2010). The bar against successive proceedings is relaxed in cases where the defendant can satisfy (1) the cause and prejudice test of the Act for failing to raise the claim earlier; or (2) the "fundamental

miscarriage of justice" exception, set forth as a claim of actual innocence. 725 ILCS 5/122-1(f) (West 2016); *People v. Edwards,* 2012 IL 111711, ¶¶ 22, 23.

¶ 17    To file a successive postconviction petition based, as here, on constitutional claims other than claims of actual innocence, the defendant must establish "cause and prejudice" related to the failure to raise the claim sooner. *People v. Pitsonbarger,* 205 Ill. 2d 444, 460 (2002); 725 ILCS 5/122-1(f) (West 2016). "Cause" can be shown by identifying "an objective factor external to the defense that impeded [the defendant's] efforts to raise his claim in the earlier [postconviction] proceeding." *People v. Edwards,* 2012 IL App (1st) 091651, ¶ 20; 725 ILCS 5/122-1(f) (West 2016). "Prejudice" requires a showing that "the claim not raised during [the defendant's] initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2016). We review *de novo* the trial court's denial of leave to file a successive petition. *Edwards*, 2012 IL App (1st) 091651, ¶ 25.

¶ 18    Here, defendant argues he satisfied the cause prong because he was not aware of his claim earlier as he was a minor at the time of his plea and was never informed by previous counsel that his MSR term was incorrect. We disagree. The Illinois Supreme Court "has made very clear that 'all citizens are charged with knowledge of the law' and that '[i]gnorance of the law or legal rights will not excuse a delay in filing a lawsuit.' " *Evans*, 2013 IL 113471, ¶ 13 (quoting *People v. Lander*, 215 Ill. 2d 577, 588 (2005)). In *Evans,* 2013 IL 113471, ¶ 13, the supreme court held that the petitioner could not claim ignorance of the law as "cause" to justify the petitioner's failure to include a claim in his initial postconviction petition.

¶ 19    Defendant was informed that a 10-year MSR term would be imposed as part of his sentence at his 2011 plea hearing. He did not pursue a direct appeal and in 2014 filed an initial

postconviction petition with the assistance of counsel. In that petition, he alleged plea counsel failed to inform him of the MSR term prior to the plea hearing. However, defendant failed to assert in that petition that the trial court erred in imposing a determinate, rather than indeterminate, MSR term.

¶ 20    As defendant acknowledges in his brief, after he was sentenced, the supreme court interpreted the MSR statute as requiring the MSR term for certain sex offenses to be set at the indeterminate term of three years to life, rather than at a determinate term within that range. *People v. Rinehart*, 2012 IL 111719, ¶¶ 29-30; 730 ILCS 5/5-8-1(d)(4) (West 2010) (for aggravated criminal sexual assault, "the term of [MSR] shall range from a minimum of 3 years to a maximum of the natural life of the defendant"). *Rinehart* was published in 2012, several years prior to defendant filing his initial postconviction petition in 2014. Defendant, therefore, is charged with knowledge of the law and is not excused from having failed to raise his claim earlier. *Evans*, 2013 IL 113471, ¶ 13. His subjective ignorance of the erroneous MSR term does not constitute an objective factor external to the defense that impeded his efforts to raise his claim in the earlier postconviction proceeding. *Id.* Accordingly, because defendant cannot satisfy the cause prong of the cause and prejudice test, the trial court properly denied him leave to file a successive postconviction petition. See *id.*, ¶ 17; *Edwards,* 2012 IL App (1st) 091651, ¶ 32 (both the "cause" and "prejudice" prongs must be met before leave to file a successive petition will be granted).

¶ 21    In reaching this conclusion, we reject defendant's apparent contention that his ignorance regarding the improper MSR term should be excused because he was a minor. Citing to civil cases for the proposition that the rights of minors should be carefully guarded (see *Iverson v. Scholl Inc.*, 136 Ill. App. 3d 962, 967-68 (1985) and *Shepherd v. Shepherd*, 408 Ill. 364, 375 (1951)), he

contends that because he was a minor at sentencing he should receive relief here as he was "clearly misserved by the adults who purported to represent him" and did not receive the benefit of his plea bargain. Defendant essentially contends that he satisfies the cause prong merely by virtue of being a minor at the time of sentencing and unaware of the improper MSR term. Defendant cites no legal authority to support his contention that minors are excused from knowing the law. Ill. S. C. R. 341(h)(7) (eff. May 25, 2018) (arguments "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities").

¶ 22    Additionally, defendant's sentence is not void based on the trial court's failure to impose an indeterminate MSR term as required by statute. In *Castleberry*, 2015 IL 116916, ¶¶ 13, 19, our supreme court abolished the void sentence rule, which stated that a sentence which does not conform to statutory guidelines is void. Instead, the court found that "only the most fundamental defects," such as a lack of personal jurisdiction or subject matter jurisdiction, constitute void judgments. *Castleberry*, 2015 IL 116916, ¶ 15; see also *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32, 34 (finding judgments void only where jurisdiction is lacking or where the judgment is based on a facially unconstitutional statute). To the extent defendant's sentence did not conform with the law, it is voidable, not void, and therefore is not subject to independent attack at any time. See *People v. Price*, 2016 IL 118613, ¶ 17 (a sentence not in conformance with a statute is voidable, and thus subject to procedural rules and restraints, including forfeiture). As noted above, defendant was charged with knowing the law regarding his sentence. His failure to include the MSR issue in his initial petition precludes him from being able to challenge his sentence in perpetuity. *Id.*

¶ 23    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 24    Affirmed.