# ILLINOIS OFFICIAL REPORTS

## Supreme Court

*People v. Evans*, **2013 IL 113471**

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GEORGE EVANS, Appellant. |
| Docket No. | 113471 |
| Filed | February 22, 2013 |
| Rehearing denied | May 28, 2013 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where statute provides that, by operation of law, every Class X sentence includes as though written therein a three-year term of mandatory supervised release, or MSR, and where an offender who was convicted of aggravated battery with a firearm claimed that he had not known about MSR until after the denial of his initial postconviction petition, he did not assert the "cause" element of the cause and prejudice test for when leave to file a successive postconviction petition may be granted; but the legislature was invited to enact a more complete statutory framework for successive postconviction petitions. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. James Michael Obbish, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, State Appellate Defender, Alan D. Goldberg, Deputy Defender, and Patrick F. Cassidy, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz and Sari London, Assistant State's Attorneys, of counsel), for the People.

Justices

JUSTICE THOMAS delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Garman, Karmeier, and Theis concurred in the judgment and opinion.

Justice Burke dissented, with opinion.

## OPINION

¶ 1    The issue in this case is whether the circuit court of Cook County erred in denying defendant George Evans' *pro se* motion for leave to file a successive petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2008)). We conclude that it did not.

¶ 2                        BACKGROUND

¶ 3    In March 2005, defendant was found guilty of aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2004)) and sentenced to 12 years in prison. Defendant's conviction and sentence were affirmed on direct appeal. *People v. Evans*, No. 1-05-0850 (2007) (unpublished order under Supreme Court Rule 23).

¶ 4    In February 2008, defendant filed a *pro se* postconviction petition, which the trial court summarily dismissed. The appellate court affirmed that dismissal in an unpublished order entered pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). *People v. Evans*, No. 1-08-1338 (2009) (unpublished order under Supreme Court Rule 23).

¶ 5    In December 2009, defendant filed a *pro se* motion for leave to file a successive postconviction petition. See 725 ILCS 5/122-1(f) (West 2008). In it, he alleged that, when it imposed defendant's 12-year prison sentence, the trial court neither mentioned nor imposed an additional term of mandatory supervised release (MSR). Nevertheless, defendant has since learned that he will be required to serve a three-year term of MSR following his release from prison. According to defendant, enforcement of a three-year MSR term following his release from prison would violate his due process rights because the total time he would be required to serve (15 years) would exceed the term specifically announced by the trial court (12 years). According to the motion, defendant did not include this claim in his initial postconviction

-2-

petition because:

> "The information about the M.S.R. was not yet discovered to me yet. And when I did learn about it more research need to be done. Also it was still being decided in appeals court, so no case were able to be used as evidence. Basically I Petitioner just discovered this."

Defendant further alleged that he would suffer prejudice if he were unable to assert this claim because, in violation of his due process rights, he was being made "to serve more time than the judge imposed." The trial court denied defendant's request for leave to file the successive petition, noting that defendant was "ignoring the fact that this was not something that he had bargained for." Rather, it was "a sentence after a trial and conviction and mandatory supervised release term is not something the Court has any control over."

¶ 6 Defendant appealed, arguing that his motion for leave to file the successive petition should have been granted because it stated the "gist" of a claim for cause and prejudice—that is, it stated "an arguable claim" of cause and prejudice. In support, defendant cited *People v. LaPointe*, 365 Ill. App. 3d 914 (2006), *aff'd on other grounds*, *People v. LaPointe*, 227 Ill. 2d 39 (2007). In *LaPointe*, a panel of our appellate court held that, because "[a] motion under section 122-1(f) precedes the preliminary-review stage and thus, like the petition itself, will ordinarily be drafted by a lay person with limited legal skills," it "need state only the gist of a meritorious claim of cause and prejudice." *Id.* at 924.

¶ 7 The appellate court below rejected defendant's argument for two reasons. First, the court noted that, in *People v. Conick*, 232 Ill. 2d 132, 142 (2008), this court stated, albeit in a different context, that the cause and prejudice standard is "more exacting" than the simple "gist" standard. According to the appellate court, "[t]he reasonable inference to be drawn from that statement is that the 'gist' standard applicable to first-stage petitions is, contrary to the appellate court's holding in *LaPointe*, a lower standard than that befitting the cause and prejudice [standard]." 2011 IL App (1st) 100391-U, ¶ 13. Second, the appellate court held that, regardless of the applicable standard, defendant "failed to assert an arguable claim of cause" because, "[b]y operation of law, every sentence includes a term of mandatory supervised release in addition to the term of imprisonment imposed." *Id.* ¶ 15 (citing 730 ILCS 5/5-8-1(d) (West 2008), and *People ex rel. Scott v. Israel*, 66 Ill. 2d 190, 194 (1977)). Thus, "the fact that defendant was not consciously aware of the three-year MSR term which attached to his sentence when he filed his initial post-conviction petition does not constitute an objective factor, external to the defense, which impeded his ability to raise this claim in his initial post-conviction petition." *Id.* Accordingly, the appellate court affirmed the trial court's denial of defendant's motion for leave to file a successive postconviction petition. *Id.* ¶ 16.

¶ 8 Defendant filed a petition for leave to appeal, which we allowed. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 9 DISCUSSION

¶ 10 The Post-Conviction Hearing Act provides a means by which a criminal defendant can assert that "in the proceedings which resulted in his or her conviction there was a substantial

denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2008). The Act permits the filing of only one petition without leave of court (725 ILCS 5/122-1(f) (West 2008)), and it expressly provides that any claim not raised in the original or amended petition is waived (725 ILCS 5/122-3 (West 2008)). Consequently, to initiate a successive postconviction proceeding, a defendant must first obtain leave of court, which is granted only when the defendant "demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122-1(f) (West 2008). To show cause, a defendant must identify "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." *Id.* To show prejudice, a defendant must demonstrate "that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.*

¶ 11    Here, defendant raises two arguments relating to the evaluation of cause and prejudice claims, one relating to the timing of that evaluation and one relating to the standard governing that evaluation. First, defendant argues that, under the Act, the sufficiency of a cause and prejudice claim is to be evaluated in conjunction with, rather than prior to, first-stage postconviction proceedings. According to defendant, section 122-1(f) "was intended only to codify and clarify existing practice ***, not to create a new stage of proceedings." Second, defendant argues that, because the sufficiency of a cause and prejudice claim is to be evaluated in conjunction with first-stage postconviction proceedings, the applicable standard should be that which applies to first-stage proceedings generally. Thus, defendant argues, in order to obtain leave to file a successive postconviction petition, a petitioner need only assert "an arguable claim" of cause and prejudice. See *People v. Hodges*, 234 Ill. 2d 1, 16 (2009) (holding that a *pro se* postconviction petition may be summarily dismissed at the first stage "only if the petition has no arguable basis either in law or in fact").

¶ 12    Important as these arguments are (*infra* ¶ 18), we need not address either of them in this case. This is because, in his motion for leave to file the successive petition, defendant asserts as "cause" something that, as a matter of law, can never be "cause."

¶ 13    This court has made very clear that "all citizens are charged with knowledge of the law" and that "[i]gnorance of the law or legal rights will not excuse a delay in filing a lawsuit." *People v. Lander*, 215 Ill. 2d 577, 588 (2005); see also *People v. Boclair*, 202 Ill. 2d 89, 104-05 (2002). Yet ignorance of the law is precisely the "cause" that defendant asserts here to justify his failure to include the present claim in his initial postconviction petition. Again, defendant's present claim is that, in violation of his due process rights, he will be made to serve a three-year term of MSR that was neither imposed nor even mentioned by the trial court at sentencing. And his excuse for not including this claim in his initial postconviction petition is that:

> "The information about the M.S.R. was not yet discovered to me yet. And when I did learn about it more research need to be done. Also it was still being decided in appeals court, so no case were able to be used as evidence. Basically I Petitioner just discovered this."

Thus, the only excuse that defendant proffers for not raising the MSR claim sooner is that he only "just discovered" that he would be subject to a three-year term of MSR following his release. But at the time defendant was sentenced, as well as at the time of both his direct appeal and his initial postconviction proceeding, the Unified Code of Corrections expressly provided that, by operation of law, every Class X sentence "shall include as though written therein a [three-year term of MSR] in addition to the term of imprisonment." 730 ILCS 5/5-8-1(d)(1) (West 2004). Defendant is presumptively charged with knowledge of this provision, and, as a matter of law, his subjective ignorance of it is not "an objective factor that impeded" his ability to raise the MSR claim sooner.

¶ 14  When asked about this matter at oral argument, defense counsel responded that ignorance of the law is not a factor in this case because, in a 2006 decision, the Second Circuit Court of Appeals held that a statutorily mandated term of supervised release is unenforceable if not expressly imposed by the sentencing court. See *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006). According to defense counsel, "assuming [*Earley*] is correct, then no matter what the statute says, [defendant] never had an MSR term until sometime later the Illinois Department of Corrections put that in on its own."

¶ 15  There are at least two problems with this argument. First, decisions of the Second Circuit Court of Appeals construing New York law have no power to enjoin the enforcement of Illinois statutes. Thus, even assuming that *Earley* was correctly decided, that decision has absolutely no consequence in Illinois unless and until a court of this state endorses its analysis and then applies that analysis to section 5-8-1(d)(1), a contingency that has yet to occur. Defendant was not free simply to assume that, because of *Earley*, section 5-8-1(d)(1) would never be enforceable against him. As far as defendant is concerned, section 5-8-1(d)(1) was, is, and remains the law, and he therefore is charged with full knowledge of it.

¶ 16  Second, *Earley* was decided on June 9, 2006, some 15 months after defendant was sentenced. Thus, whatever reason defendant now has to believe that he cannot be made to serve the statutorily mandated MSR term, he had no reason to believe that when his sentence was actually imposed. Or to put it another way, defendant cannot claim that a decision handed down 15 months *after* sentencing somehow excuses his ignorance of the law at the time *of* sentencing. At that time, defendant was expected to know, and in fact is charged with knowing, that his term of years would include an additional three-year term of MSR "as though written therein." 730 ILCS 5/5-8-1(d)(1) (West 2004). Nothing about *Earley* changes that.

¶ 17  Consequently, we hold both that the circuit court of Cook County properly denied defendant's *pro se* motion for leave to file a successive postconviction petition and that the appellate court properly affirmed that denial.

¶ 18  Before concluding, we wish to speak briefly to the issues that defendant sought to raise in this court. Although we do not have cause to reach them in this case, these issues highlight important deficiencies in the Act. When it enacted section 122-1(f), the legislature grafted into the Act two new requirements: the obtaining of leave to file a successive postconviction petition, and the demonstration of cause and prejudice. In doing this, however, the legislature made no provision for when or precisely how a successive postconviction petitioner satisfies

these requirements. For example, is cause and prejudice evaluated *prior to* the first stage of postconviction proceedings, or *in conjunction with* the first stage of postconviction proceedings? Does a successive postconviction petitioner "demonstrate" cause and prejudice by adequately pleading it, or by actually proving it? And if by actually proving it, what provision is there for the presentation of evidence? Is cause and prejudice a one-sided question, or may the State contest a cause and prejudice claim? These are just some of the questions that section 122-1(f) raises, and the Act answers none of them. As importantly, but for the facial deficiency of defendant's cause claim in this case, we would be having to address at least some of these questions today, absent any statutory guidance. In light of this, we would invite the legislature to seize the window of opportunity that this case provides and, sometime before the next such case arrives on our docket, enact a more complete statutory framework for successive postconviction practice. Because the next case *will* arrive, and when it does, our analysis will be governed either by the legislature's judgment or by our own. We would prefer it be the legislature's.

¶ 19                                    CONCLUSION

¶ 20        For the foregoing reasons, the judgment of the appellate court is affirmed.

¶ 21        Affirmed.

¶ 22        JUSTICE BURKE, dissenting:

¶ 23        We granted defendant's petition for leave to appeal in this case in order to settle a split of authority in the appellate court with regard to the legal standard applicable to a *pro se* petitioner's motion seeking leave to file a successive postconviction petition. The majority chooses not to resolve the split of authority, instead holding that defendant's motion for leave to file his successive petition fails because he "asserts as 'cause' something that, as a matter of law, can never be 'cause.' " *Supra* ¶ 12. There is no reason why this court should not address the important legal questions raised in this appeal. For this reason, I dissent.

¶ 24        In his petition for leave to appeal, defendant requests that this court resolve the clear split of authority among the appellate court districts on the legal standard to be applied to a motion under section 122-1(f) of the Post-Conviction Hearing Act (725 ILCS 5/122-1(f) (West 2008)). See *People v. LaPointe*, 365 Ill. App. 3d 914, 924 (2d Dist. 2006) (holding that a section 122-1(f) motion "need state only the gist of a meritorious claim of cause and prejudice"), *aff'd on other grounds*, 227 Ill. 2d 39 (2007); *People v. Evans*, 2011 IL App (1st) 100391-U, ¶ 13 (5th Div.) (rejecting *LaPointe*, and finding that a stricter standard applies to *pro se* successive petitions); *People v. Smith*, 2011 IL App (1st) 091938-U, ¶¶ 15-17 (4th Div.) (rejecting *LaPointe*). Since the time that the present appeal was filed, several other decisions have either called into question the holding in *LaPointe* or noted the disagreement among the districts. See *People v. McKinley*, 2012 IL App (1st) 110513-U, ¶¶ 13-15 (2d Div.) (rejecting *LaPointe*); *People v. Edwards*, 2012 IL App (1st) 091651, ¶¶ 21-22 (6th Div.) (rejecting *LaPointe*); *People v. Files*, 2012 IL App (2d) 110012-U, ¶ 12 (noting disagreement).

¶ 25 Today the majority declines to resolve the split of authority in the appellate court on an issue squarely raised in this appeal, the issue which prompted this court to grant defendant's petition for leave to appeal. Instead, the majority "invite[s] the legislature to seize the window of opportunity that this case provides and, sometime before the next such case arrives on our docket, enact a more complete statutory framework for successive postconviction practice." *Supra* ¶ 18. The legislature will not have time to act before the next such case arrives, however, because there are currently a number of cases on our docket being held for the resolution of this case. See, *e.g.*, People v. Hunter, No. 113132; People v. Staple, No. 113919; People v. Edwards, No. 114084; People v. Thompson, No. 115006; People v. Lee, No. 115020.

¶ 26 Further, the majority's invitation to the legislature is contrary to the function of this court. It is this court's role to interpret statutory language, particularly where the appellate court districts disagree about the meaning of that language. See *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 334-35 (2006) ("[T]he legislature's role is to make the law and the judiciary's role is to interpret the law."); *Roth v. Yackley*, 77 Ill. 2d 423, 429 (1979) ("[I]t is the function of the judiciary to determine what the law is and to apply statutes to cases.").

¶ 27 Thus, I disagree with the majority's decision to avoid the issue raised in this appeal by pleading to the legislature to clarify its intent. There is no need to wait for the next case to arrive on our docket. Those cases are already here. We should address the issue which the parties in this case have taken time to raise, brief, and argue before this court. Today's decision allows the uncertainty in the appellate court to continue indefinitely. Therefore, I would address the pleading standard issue.