NOTICE

Decision filed 10/21/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200139-U

NO. 5-20-0139

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 05-CF-1116 |
| | ) | |
| REEDIE T. BEAN JR., | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court properly denied defendant leave to file a successive postconviction petition claiming that he was not properly admonished about a mandatory supervised release term being added to his sentence where that claim was barred by *res judicata*. Defendant's supplemental claim that imposing a mandatory life sentence on a juvenile offender violates due process failed on the merits where the defendant's 27-year sentence was not the equivalent of a life term. As any argument to the contrary would lack merit, we grant defendant's appointed counsel leave to withdraw and affirm the circuit court's judgment.

¶ 2   Defendant, Reedie T. Bean Jr., appeals from the circuit court's orders denying him leave to file a second successive postconviction petition. The proposed petition alleged that he was not properly admonished that his sentence would include a term of mandatory supervised release (MSR). A supplemental petition alleged that requiring defendant to serve 100% of his sentence violated due process.

1

¶ 3    Defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit. Accordingly, OSAD has filed a motion to withdraw as counsel for the defendant (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)) along with a brief in support of the motion. OSAD has provided the defendant with a copy of its *Finley* motion and brief. This court has provided him with ample opportunity to file a written *pro se* brief, memorandum, etc., responding to OSAD's motion or explaining why this appeal has merit. The defendant has not filed any sort of response. Having read OSAD's *Finley* motion and brief, and having examined the record on appeal, this court concludes that the instant appeal does indeed lack merit. There is no potential ground for appeal. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4                                BACKGROUND

¶ 5    In 2006, defendant pleaded guilty to first degree murder. In exchange for the plea, the State agreed to dismiss a charge of aggravated unlawful use of a weapon and to recommend a sentence of no more than 30 years' imprisonment. The circuit court admonished defendant that, had he been convicted after a trial, the court "would have had the option of sentencing you to determinate period of time in the Illinois Department of Corrections between twenty and sixty years, followed by three years of mandatory supervised release."

¶ 6    At a later hearing, the court sentenced defendant to 27 years' imprisonment. Neither the court's oral pronouncement nor the written sentencing order specifically mentioned MSR. Defendant did not move to withdraw the plea.

¶ 7    In 2008, defendant filed a postconviction petition in which he contended that his trial counsel was ineffective for failing to move to dismiss his "void indictment and charges." The petition advanced to the second stage, where the circuit court dismissed it. We granted OSAD's

2

motion for leave to withdraw and affirmed the dismissal order. *People v. Bean*, No. 5-09-0276 (2010) (unpublished order under Illinois Supreme Court Rule 23) (*Bean I*).

¶ 8      In 2015, defendant sought leave to file a successive postconviction petition. The proposed petition alleged that, pursuant to *People v. Whitfield*, 217 Ill. 2d 177 (2005), defendant was not properly admonished about the MSR term. Defendant explained that he was unaware of the MSR term until he overheard fellow inmates talking about MSR in 2011. The circuit court denied the motion. The court noted that *Whitfield* was decided in 2005 and defendant did not explain why he failed to raise the issue earlier. This court granted OSAD's motion for leave to withdraw and affirmed the circuit court. *People v. Bean*, 2019 IL App (5th) 150341-U (*Bean II*). We noted that the Illinois Supreme Court, in *People v. Evans*, 2013 IL 113471, had rejected the argument that ignorance of the MSR requirement was a valid excuse for not raising the claim in a first postconviction petition. *Id.* ¶ 12 (citing *Evans*, 2013 IL 113471, ¶ 13).

¶ 9      In 2020, defendant sought leave to file a second successive postconviction petition, in which he again alleged that the MSR term had been improperly added to his sentence. He contended that he could not have raised the issue earlier because the case he was primarily relying upon, *People v. Eatman*, 2019 IL App (4th) 170249-U, was not decided until after *Bean II* was decided.

¶ 10     The circuit court denied the motion, finding that this court's order was *res judicata*. After the circuit court denied the motion, but apparently before he learned of it, defendant filed a "supplemental" petition. In it, he alleged that under *Miller v. Alabama*, 567 U.S. 460 (2012), the truth-in-sentencing provision requiring him to serve 100% of his sentence was unconstitutional as applied to him. *Miller* held that sentencing a juvenile offender to life in prison without the possibility of parole was unconstitutional.

¶ 11 The circuit court denied the motion. The court noted that defendant was not a juvenile when he committed the offense and that the 27-year term was not a *de facto* life sentence. Defendant timely appealed both rulings.

¶ 12                                    ANALYSIS

¶ 13 OSAD concludes that no good-faith argument exists that the circuit court erred by dismissing defendant's claims. We agree.

¶ 14 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated at his trial or sentencing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). The Act contemplates the filing of a single petition, and a defendant must obtain leave of court to file a successive petition. 725 ILCS 5/122-1(f) (West 2018); *People v. Lusby*, 2020 IL 124046, ¶ 27. The court may grant leave only if the defendant (1) "shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings," and (2) "shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2018).

¶ 15 Here, not only could defendant have raised the claim earlier, he actually did. The claim at issue is virtually identical to that raised in his first successive petition. The circuit court dismissed that claim and we affirmed the dismissal. *Bean II*, 2019 IL App (5th) 150341-U. Thus, the circuit court properly denied leave to file a second successive petition on the ground of *res judicata*. See *People v. Simpson*, 204 Ill. 2d 536, 546 (2001) (postconviction relief is limited by considerations of waiver and *res judicata* to constitutional matters that have not been, and could not have been, previously adjudicated).

4

¶ 16    The only reason defendant offered for raising the issue again is that he cited a case decided after *Bean II*. That case, *Eatman*, was an unpublished disposition issued prior to 2021, which could not be cited as precedent. In any event, *Eatman* was likely not published because the court merely followed its earlier decision in *People v. Daniels*, 388 Ill. App. 3d 952 (2009). The case on which defendant's claim is ultimately based, *Whitfield*, was decided before defendant filed his original postconviction petition. The "cause" test would be a slender reed if a defendant could avoid it merely by citing a recent case for a longstanding rule of law.

¶ 17    OSAD further contends that there is no meritorious argument that the court erred by rejecting defendant's supplemental claim that the truth-in-sentencing provision requiring him to serve 100% of his sentence (730 ILCS 5/3-6-3(a)(2)(i) (West 2004)) was unconstitutional as applied to him. Defendant relied on *Miller v. Alabama*, 567 U.S. 460 (2012), which held that a mandatory life sentence for a juvenile offender was unconstitutional.

¶ 18    We note that *Miller* was decided before defendant's first successive petition but, even if he could establish cause for failing to raise the issue there, defendant's claim fails on the merits. See *People v. Smith*, 2014 IL 115946, ¶ 35 (court may deny leave to file successive postconviction petition whose claims fail as a matter of law). Defendant—who was 20 years old when he committed the crime—was not a juvenile and his 27-year sentence is not a life sentence. See *People v. Buffer*, 2019 IL 122327, ¶ 40 (sentence less than 40 years is not a *de facto* life sentence). Thus, there is no meritorious argument that the trial court erroneously denied leave to pursue this claim.

¶ 19                              CONCLUSION

¶ 20    Defendant's first claim had been raised before. Defendant's supplemental claim lacked substantive merit. Therefore, the court did not err in denying leave to file a successive

5

postconviction petition.  Any argument to the contrary would lack merit.  Therefore, we grant

OSAD's *Finley* motion and affirm the judgment of the circuit court.

¶ 21    Motion granted; judgment affirmed.