NOTICE

Decision filed 02/28/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210319-U

NO. 5-21-0319

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Alexander County. |
| | ) | |
| v. | ) | No. 08-CF-6 |
| | ) | |
| CURTIS LEE WILLIAMS, | ) | Honorable |
| | ) | Tyler R. Edmonds, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in denying leave to file a successive *pro se* postconviction petition where the defendant did not establish cause. Since any argument to the contrary would lack merit, his appointed appellate counsel is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2    The defendant, Curtis Lee Williams, appeals from the circuit court's order denying leave to file a successive *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). His appointed attorney, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit. On that basis, OSAD has filed with this court a motion for leave to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a legal memorandum in support of the motion. OSAD served the defendant with a copy of its *Finley* motion and memorandum. The defendant did not file a response. This

1

court has thoroughly examined OSAD's *Finley* motion and memorandum, and the entire record on appeal, and has concluded that OSAD's assessment of the instant appeal is correct. Therefore, we grant OSAD's *Finley* motion to withdraw and affirm the order denying the defendant leave to file a successive *pro se* postconviction petition.

¶ 3                                    BACKGROUND

¶ 4    On January 14, 2008, the defendant was charged by information with two counts of armed robbery and four counts of aggravated battery. The State advised the court and the defendant of its intent to seek an extended-term sentence.

¶ 5    On May 8, 2008, the defendant entered an open plea of guilty to one count of armed robbery and two counts of aggravated battery in exchange for the State's agreement not to seek an extended-term sentence and to recommend concurrent prison terms. The other charges would be dismissed "pursuant to the plea."

¶ 6    During the plea hearing, the trial court inquired as to the defendant's age, education, and whether he understood English. The court explained the charges to which the defendant was pleading guilty, and the possible penalties, as well the rights which he waived by entering a guilty plea. The defendant stated that he understood. Upon questioning by the court, the defendant stated that he spoke to counsel about the plea, understood the charges and maximum penalty, and no threats or promises induced his plea. When asked by the trial court, the defendant stated that he pleaded guilty to armed robbery and two counts of aggravated battery.

¶ 7    The record contains a document titled "Plea of Guilty," which states that the defendant "voluntarily, knowingly and understandably" pleaded guilty to armed robbery and aggravated battery. The document also states:

2

"by pleading guilty, I am giving up my right to trial, including my right to a jury trial. I am also giving up my right to confront witnesses and to subpoena witnesses on my behalf. I understand the nature of the offense and the possible penalties. I understand that if I plead guilty, the Court may sentence me up to the maximum penalty provided for this offense without hearing witnesses or having a trial. No threats were made to get me to plead guilty."

¶ 8   This document bears the defendant's signature. The document also contains a certification signed by plea counsel that counsel "fully explained and answered any questions of my client concerning the foregoing Plea of Guilty and including its terms and ramifications." The State presented a factual basis for the plea, which the court accepted.

¶ 9   Following a hearing on June 20, 2008, the defendant was sentenced to 30 years in prison for armed robbery to be served consecutively to the concurrent 5-year terms imposed on each aggravated battery count.

¶ 10   On July 3, 2008, the court entered an order that the transcript of the sentencing hearing should be prepared and delivered to the defendant and his attorney.

¶ 11   On April 12, 2010, the defendant filed a *pro se* motion to file a late notice of appeal in this court.[1] On July 13, 2010, we denied the defendant leave to file a late notice of appeal. See *People v. Williams*, No. 5-10-0176 (2010) (dispositional order).

¶ 12   On March 25, 2011, the defendant filed a *pro se* postconviction petition alleging that the trial court erred when it failed to hold a preliminary hearing pursuant to *Gerstein v. Pugh*, 420 U.S. 103 (1975), and to admonish him regarding the "plea process," and that he was denied effective assistance when plea counsel failed to seek a *Gerstein* hearing and challenge the admonishments.

---

[1]This document is not included in the record on appeal.

3

¶ 13    On March 29, 2011, the circuit court summarily dismissed the petition as frivolous and patently without merit. The defendant filed a notice of appeal in this court, rather than in the circuit court. On May 4, 2011, we dismissed the appeal for lack of jurisdiction. See *People v. Williams*, No. 5-11-0180 (2011) (dispositional order).

¶ 14    On January 25, 2021, the defendant filed a *pro se* motion for reduction of sentence. On April 7, 2021, the circuit court denied the motion as untimely.

¶ 15    On May 24, 2021, the defendant sought leave to file a *pro se* successive postconviction petition alleging that his confession was obtained without a "valid waiver" of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966); that he was appointed counsel when he "never went to court"; and that his plea was coerced. Additionally, the defendant alleged he was denied effective assistance when plea counsel "used" his "faith" against him, telling him that if the defendant "believe[d] in God then [the defendant] should take the open plea." Further, plea counsel did not give the defendant certain transcripts or act upon the defendant's request for a new attorney. The petition further alleged that the State failed to disclose evidence favorable to the defendant and that his convictions were based upon statutes enacted after the offenses were committed. The petition finally alleged that due to "pandemic quartine [*sic*]" and lockdown, the defendant had no access to the prison law library and received only "failing assistance" from "jail house lawyers."

¶ 16    On September 23, 2021, the circuit court denied the defendant leave to file the *pro se* successive postconviction petition, finding, relevant here, that the defendant failed to allege or identify any objective factor that prevented him from raising the claims in the successive *pro se* postconviction petition in his initial postconviction petition.

4

¶ 18    As mentioned, the defendant's appointed appellate attorney, OSAD, has filed a *Finley* motion to withdraw as counsel. OSAD contends that there is no meritorious argument that the court erred by denying defendant leave to file the successive *pro se* petition when the petition failed to meet the requirements of the cause and prejudice test. OSAD notes that the defendant fails to identify any cause for the failure to raise the issues contained in the successive *pro se* petition in his initial postconviction petition. We agree.

¶ 19    The Act "provides a procedural mechanism through which a criminal defendant can assert that his federal or state constitutional rights were substantially violated in his original trial or sentencing hearing." *People v. Davis*, 2014 IL 115595, ¶ 13; see also 725 ILCS 5/122-1(a) (West 2020). The Act contemplates the filing of only one petition without leave of court, and any claim not presented in an original or amended petition is waived. *Davis*, 2014 IL 115595, ¶¶ 13, 14; see also 725 ILCS 5/122-3 (West 2020) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.").

¶ 20    Leave to file a successive petition is granted when a defendant shows cause for his failure to bring the claim in his initial postconviction petition and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2020); *People v. Evans*, 2013 IL 113471, ¶ 10. To demonstrate cause, a defendant "must show some objective factor external to the defense that impeded his ability to raise the claim in his initial postconviction proceeding." *People v. Jackson*, 2021 IL 124818, ¶ 30. To demonstrate prejudice, the defendant must show that the claimed constitutional error so infected his trial that the resulting conviction violated due process. *Id.* A defendant must satisfy both elements of the cause and prejudice test in order to obtain leave to file a successive postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 464 (2002). The test is applied to

each individual claim rather than the petition in its entirety. *Id.* at 462. We review the denial of leave to file a successive postconviction petition *de novo*. *People v. Robinson*, 2020 IL 123849, ¶ 39.

¶ 21 Here, the defendant claims that (1) he was not informed of his rights pursuant *Miranda v. Arizona*, 384 U.S. 436 (1966); (2) he was appointed counsel when he "never went to court"; (3) his guilty plea was coerced; and (4) he was denied effective assistance when counsel told him to plead guilty if he believed in God and did not act on the defendant's request for new counsel. Although these events occurred prior to the defendant's 2008 guilty plea, he does not identify "an objective factor" that impeded his ability to raise these claims in his initial postconviction petition filed in 2011. See 725 ILCS 5/122-1(f) (West 2020). Moreover, his claims are conclusory and unsupported with assertions of fact, citations to the record, or legal argument regarding the facts of the case. Consequently, the defendant has not established cause as to these claims.

¶ 22 The defendant further alleges that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose evidence favorable to the defense and that he was convicted based on statutes enacted after his conviction. As with the other claims raised in the successive *pro se* petition, the defendant does not explain why these claims, which are based on the 2008 plea proceedings, were not raised in his initial postconviction petition. Additionally, the defendant does not identify the evidence the State allegedly failed to disclose or the complained-of statutes. See *People v. West*, 187 Ill. 2d 418, 425-26 (1999) (holding that "nonfactual and nonspecific assertions which merely amount to conclusions are not sufficient to require a hearing under the Act").

¶ 23 Finally, the defendant claims the Covid-19 pandemic prevented access to the prison law library and he only received "failing" legal assistance from other inmates. Even accepting the defendant's identification of the pandemic as "cause," we note that he entered his plea in 2008 and

6

filed his initial postconviction petition in 2011, long before the pandemic began in 2020. Moreover, the defendant does not explain how his reliance on other inmates prevented him from raising the claims contained in the successive petition in his initial postconviction proceeding.

¶ 24 Here, the defendant alleged no factors external to the defense that prohibited him from raising the claims contained in the successive *pro se* postconviction petition in his initial postconviction petition. Moreover, the claims contained in the successive petition are conclusory and unsupported by facts. As the defendant failed to establish cause, he cannot meet the requirements of the cause and prejudice test (*Pitsonbarger*, 205 Ill. 2d at 464), and the circuit court properly denied him leave to file the successive *pro se* postconviction petition.

¶ 25                                            CONCLUSION

¶ 26 Accordingly, we agree with OSAD that this appeal presents no issue of arguable merit. We therefore grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 27 Motion granted; judgment affirmed.