No. 1-21-1050

Order Filed July 21, 2023

FIFTH DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Respondent-Appellee, | ) | |
| | ) | |
| v. | ) | No. 08 CR 23813 |
| | ) | |
| CHOICE ENGE, | ) | |
| | ) | Honorable |
| Petitioner-Appellant. | ) | Diana L. Kenworthy, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Mitchell and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held***:** We affirm the circuit court's denial of defendant's motion for leave to file a successive postconviction petition, because he failed to establish cause for his ineffective assistance of counsel claim.

¶ 2    Petitioner Choice Enge appeals the circuit court's denial of his motion for leave to file his successive petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1 *et seq*. (West 2020)), arguing the court erred by denying the motion because the petition demonstrated both cause and prejudice regarding his ineffective assistance of counsel claim. We affirm.

¶ 3                                              BACKGROUND

¶ 4      We discuss only the facts necessary for the disposition of the issues in this appeal. A more thorough recitation of the facts is included in our order on petitioner's first postconviction appeal. See *People v. Enge*, 2016 IL App (1st) 132879-U.

¶ 5      After a bench trial, the circuit court found Enge guilty of felony murder and home invasion involving the discharge of a firearm, and sentenced him to concurrent terms of 35 years and 15 years for home invasion, respectively. On direct appeal, Enge filed a motion for summary remand and for vacation of the home invasion conviction. *Id.* ¶ 11. The State did not object, and this court vacated the latter conviction on July 19, 2006. *Id. People v. Enge*, No. 1-05-0205 (2006) (dispositional order).

¶ 6      On July 22, 2009, Enge filed his initial postconviction petition. *Id.* ¶ 12. Enge alleged that (1) the circuit court erroneously failed to sever his trial from his codefendants' trial, (2) the State knowingly presented perjured testimony, (3) the State failed to present sufficient evidence to prove several elements of his offense beyond a reasonable doubt, and (4) his term of mandatory supervised release was unconstitutional. *Id.* ¶12. Enge did not argue ineffective assistance of counsel. The circuit court dismissed the petition. Enge appealed, and this court affirmed. *People v. Enge*, 2016 IL App (1st) 132879-U.

¶ 7      On May 17, 2021, Enge filed a motion for leave to file a successive postconviction petition, alleging in relevant part that his trial counsel was ineffective because she erroneously advised Enge that at trial, his maximum sentence would be 20 years' imprisonment because he could only be convicted of second-degree murder. Specifically, regarding counsel's advice on what degree of murder he could be found guilty of at trial, Enge explained that his trial counsel failed to properly advise him self-defense and defense of others were not valid defenses to felony murder. Regarding

cause as to why he did not raise this claim in his initial postconviction petition, Enge alleged he first learned of this potential claim in 2019 after discussing his case with his "jailhouse lawyer" Ellean Nance. Nance's affidavit explains he is a "jailhouse lawyer" who assists inmates in their legal affairs. Nance agreed to assist Enge in his criminal case. Nance concluded Enge's trial counsel incorrectly advised him during plea negotiations causing Enge to accept an uninformed plea deal. As to prejudice, Enge alleged had he known he could have been subject to a felony murder conviction and the corresponding longer sentence, he would have accepted the State's plea bargain offer of 20 years' imprisonment.

¶ 8    On June 28, 2021, the circuit court denied Enge's motion for leave to file a successive postconviction petition in a written order. This appeal followed.

¶ 9                                          ANALYSIS

¶ 10    On appeal, Enge contends that the circuit court erred in denying his motion for leave to file the successive postconviction petition. Specifically, he argues that his petition demonstrated prejudice because his trial counsel erroneously advised him to accept the plea deal, and cause, because he did not learn about his claim until 2019, and then diligently pursued it thereafter.

¶ 11    The Act allows a petitioner to challenge a conviction or sentence for violations of federal or state constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). The Act provides that only one petition may be filed by a petitioner as of right. 725 ILCS 5/122-1(f) (West 2020). Unless the petition alleges actual innocence, a circuit court will not grant a petitioner leave to file a successive postconviction petition unless the petition satisfies the cause-and-prejudice test, which "is composed of two elements, both of which must be met in order for the petitioner to prevail." *People v. Pitsonbarger*, 205 Ill. 2d 444, 464 (2002).

¶ 12    A defendant establishes cause by demonstrating that some objective factor external to the defense impeded his ability to raise the claim at an earlier proceeding. *People v. Clark*, 2023 IL 127273, ¶ 60 (referencing 725 ILCS 5/122-1(f)(1) (West 2018); *Pitsonbarger*, 205 Ill. 2d at 460). "To establish 'prejudice,' the defendant must show the claimed constitutional error so infected his trial that the resulting conviction violated due process." *Id.* ¶ 70 (referencing *Pitsonbarger*, 205 Ill. 2d at 460). We review the denial of leave to file a successive postconviction petition *de novo*. *People v. Dorsey*, 2021 IL 123010, ¶ 33.

¶ 13    We first address cause. A defendant's right to effective assistance of counsel applies to the plea-bargaining process. *People v. Hale*, 2013 IL 113140, ¶ 15. The record shows that Enge did not raise any argument with respect to his attorney's advice on the potential length of sentence until he filed his successive postconviction petition. He contends on appeal that this claim was not previously available because he only learned of it in 2019 after consulting with Nance, whose affidavit is in the record. Enge claims that he had limited understanding of the legal system and relies on "fundamental fairness" for excusing his failure to bring the claim earlier.

¶ 14    The State makes several counterarguments in response to Enge's allegations. First, the State highlights statements in the affidavits of Jerome and Charles Howard that suggest that when Enge rejected the original plea deal, Enge's trial counsel in fact did advise him the State wanted more than 20 years, and thus Enge's own filing rebuts his claim that counsel erroneously advised Enge his maximum sentencing exposure was 20 years' imprisonment. Second, the State argues when Enge was offered a plea deal of 20 years, logically he must have understood that the maximum sentence would have to be greater than the term in the plea offer. Finally, the State notes

that Enge did not object during sentencing when the court announced that his conviction carried a maximum sentence between 20-60 years.[1]

¶ 15 We find that Enge has failed to establish the cause prong of the cause-and-prejudice test. His claim rests entirely on the allegation that his trial counsel advised him not to accept the State's plea deal, and that the plea deal offered was the maximum sentence that he could receive because he would only be convicted of second-degree murder, and was not subject to a felony murder charge because he could argue self-defense and defense of others. It necessarily follows that when the circuit court found Enge guilty of felony murder, not second-degree murder, and then sentenced him to a longer term than 20 years' imprisonment, he would have understood that his attorney's advice was erroneous. At this point, to avoid waiver, it was incumbent upon Enge to raise the ineffective assistance at plea bargaining claim as soon as possible. See *People v. Scott*, 194 Ill. 2d 268, 274 (2000) (regarding claims in postconviction petition, "issues that could have been raised in the earlier proceedings, but were not, will ordinarily be deemed waived"). But Enge did not do so; instead, he failed to raise this theory of ineffective assistance in his initial postconviction petition. To overcome this wavier and now receive leave to pursue this claim in a successive postconviction petition, Enge had to identify in the motion for leave some objective external factor that prevented him from including that claim in the initial petition. See *Clark*, 2023 IL 127273, ¶ 60. His motion for leave is completely devoid of any such allegations, and it follows that he has failed to satisfy the cause prong of the cause-and-prejudice test, and the circuit court was correct to deny his motion for leave.

---

[1] In part, the State's arguments address the merit of the claims which we will not address because we find that Enge has not demonstrated "cause" to proceed with a successive postconviction petition.

¶ 16    Enge argues he only learned the advice was erroneous in 2019. But again, the record is clear that defendant knew immediately after sentencing, let alone by the time he filed his initial postconviction petition, that his conviction and prison term did not align with his counsel's alleged advice at plea bargaining. In fact, Enge does not argue that this claim was unavailable to him when he filed the initial postconviction petition; instead, he argues that he should be excused from the cause requirement because he had limited legal knowledge up until 2019, when he consulted with Nance. The Illinois Supreme Court considered, and rejected, a similar claim in *People v Evans*, 2013 IL 113471. In *Evans*, the defendant alleged he could establish cause because he "just discovered" after filing his motion for leave, he would be subject to a three-year mandatory supervisory release term following his release from imprisonment. *People v. Evans*, 2013 IL 113471, ¶ 5. The Court rejected this theory, explaining that, "[i]gnorance of the law or legal rights will not excuse a delay in filing a lawsuit." *Id.* ¶ 13 (quoting *People v. Lande*r, 215 Ill.2d 577, 588 (2005)). Similarly here, Enge's claimed ignorance of the law does not excuse his failure to raise the ineffective assistance at plea bargaining claim in his initial postconviction petition.

¶ 17    Enge also raises the notion of "fundamental fairness" to argue his failure to demonstrate cause should be generally excused. The Illinois supreme court has made clear that unless a petition claims actual innocence, "[t]he cause-and-prejudice test is the analytical tool that is to be used to determine whether fundamental fairness requires that an exception be made to section 122–3 so that a claim raised in a successive petition may be considered on its merits." *Pitsonbarger,* 205 Ill. 2d. at 459. While there is no precise definition of this term, in the context of a successive postconviction petition, the procedural bar of waiver is not merely a principle of judicial administration; it is an express requirement of the statute." *Id.* at 458. Thus, fundamental fairness

is not a viable work-around of the cause-and-prejudice test. *Id.* at 462. Once the cause-and-prejudice test has been applied, fundamental fairness has been sufficiently addressed.

¶ 18    Because we have determined that Enge's successive postconviction petition fails as he did not show cause as required by statute, we need not address prejudice or the ineffective assistance of counsel and self-defense claims that lie therein. When one element fails, we need not address the other. *People v. Smith*, 2014 IL 115946, ¶ 37 (holding that when a defendant cannot show prejudice the court need not address cause).

¶ 19                                    CONCLUSION

¶ 20    Because Enge's petition does not satisfy the cause-and-prejudice test, we affirm the circuit court's order denying Enge leave to file his successive postconviction petition.

¶ 21    Affirmed.