NOTICE

Decision filed 04/28/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241198-U

NO. 5-24-1198

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 07-CF-22 |
| | ) | |
| JEFFREY D. CHISM, | ) | Honorable |
| | ) | Michael A. Fiello, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE CATES delivered the judgment of the court.
Justices Barberis and Hackett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not err in denying the defendant's motion for leave to file a successive postconviction petition because the defendant was not incarcerated under the terms of the Post-Conviction Hearing Act and thus could not seek relief under it. Because no argument to the contrary would have arguable merit, the defendant's appellate counsel is granted leave to withdraw, and the judgment of the circuit court of Jackson County is affirmed.

¶ 2   The defendant, Jeffrey D. Chism, appeals the judgment of the circuit court of Jackson County that denied the defendant's motion for leave to file a successive postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed as the defendant's appellate counsel. OSAD has concluded that this appeal lacks arguable merit and, on that basis, has filed a motion for leave to withdraw as counsel, pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a supporting memorandum of law. OSAD properly served the defendant with notice.

1

This court gave the defendant the opportunity to file a response to OSAD's motion, and the defendant has filed a response. Having reviewed OSAD's *Finley* motion and memorandum, the defendant's response, and the entire record on appeal, this court agrees with OSAD's assessment of this appeal, and therefore, we grant OSAD's motion.

¶ 3                                    I. BACKGROUND

¶ 4     On January 17, 2007, the defendant was charged with one count of aggravated criminal sexual abuse, a Class 2 felony, in violation of section 12-16(d) of the Criminal Code of 1961 (720 ILCS 5/12-16(d) (West 2006)). The information alleged that "during the month of July, 2006," the "defendant knowingly committed an act of sexual penetration with [N.R.], who was at least 13 years of age, but under 17 years of age," when the "defendant knowingly placed his penis into the vagina of [N.R.] and the defendant was at least five years older than" N.R. On March 8, 2007, the State filed a motion to take a saliva sample from the defendant, "to be used in the further investigation of this cause." That same day, the trial court entered an order granting the State's motion.

¶ 5     On May 1, 2007, the State filed an amended information, which charged the defendant with one count of criminal sexual abuse, a Class A misdemeanor. The alleged facts were substantially the same as in the previous information, except that the amended information alleged that "the defendant was less than five years older than" N.R. Also on May 1, 2007, the defendant entered into a negotiated plea of guilty to the charge in the amended information. The defendant was sentenced to 24 months of probation, plus designated costs, fees, and conditions, including the condition that he register as a sex offender "with the proper authority, as directed by the Probation Officer."

2

¶ 6      On February 22, 2010, the trial court entered an order discharging the defendant from his probation because he had successfully completed it. On November 18, 2016, the defendant, acting *pro se*, wrote a letter to the trial court in which the defendant stated that he "just receive[d] some new information which is exculpatory evidence" and that he wished to file a postconviction petition. On April 11, 2017, the defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). The petition alleged the defendant received ineffective assistance of plea counsel, and it put forward a freestanding claim of actual innocence. Both claims were based upon DNA testing that the defendant alleged was derived from the saliva sample he furnished. The petition alleged that the DNA testing showed that he was not the father of N.R.'s child, and alleged that, therefore, he could not have had sex with her. In an accompanying motion for appointment of counsel, which was also filed on April 11, 2017, the defendant asserted that he had "been continuously incarcerated since December of 2013." On May 10, 2017, the trial court summarily dismissed the defendant's postconviction petition. The defendant did not successfully perfect an appeal.

¶ 7      On August 15, 2024, the defendant, still acting *pro se*, filed a motion for leave to file a successive postconviction petition. The defendant alleged that cause existed for his failure to bring his current claims in his initial postconviction petition, and that he was prejudiced by the alleged actions of his plea counsel. The defendant also put forward a claim of actual innocence.

¶ 8      On September 26, 2024, the trial court entered an order in which it denied the defendant's motion for leave to file a successive postconviction petition. The trial court noted that in this case, the defendant was sentenced to "24 months of probation and never served any period of incarceration for his conviction." The trial court stated that the plain language of the Act allowed petitions only from persons "imprisoned in the penitentiary." The court noted that the foregoing

provision had been interpreted to include persons on probation for a felony offense, but that in this case the defendant was convicted of a misdemeanor, and had been successfully discharged from his probation long before he filed his initial petition under the Act. The trial court stated that under applicable law, the defendant did not meet the requirements for a person who was convicted of a misdemeanor to file a petition under the Act. The trial court concluded that because the defendant's initial postconviction petition was filed nearly "10 years after his guilty plea," the defendant did not have the "right to file his first [postconviction] petition let alone a successive petition." This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10    The defendant appeals the trial court's judgment that denied the defendant's motion for leave to file a successive postconviction petition. As noted above, OSAD has filed a *Finley* motion to withdraw as counsel. In the legal memorandum that accompanies its motion, OSAD states that it considered raising one issue: whether the defendant had standing under the Act to bring a claim in this case. However, OSAD states that it concluded the defendant lacked standing, and for the following reasons, we agree.

¶ 11    The Act provides a means by which a criminal defendant may assert that, in the proceedings that resulted in the defendant's conviction, there occurred a substantial denial of the defendant's rights under the United States Constitution, the Illinois Constitution, or both. *People v. Evans*, 2013 IL 113471, ¶ 10 (citing 725 ILCS 5/122-1(a)(1) (West 2008)). The Act allows the filing of only one postconviction petition without leave of court and expressly states that any claims not raised in the original petition or an amended petition are waived. *Evans*, 2013 IL 113471, ¶ 10. As a result, a defendant must obtain leave of court to initiate a successive postconviction proceeding.

4

*Evans*, 2013 IL 113471, ¶ 10. This court reviews *de novo* a trial court's denial of leave to file a successive postconviction petition. *People v. Parker*, 2019 IL App (5th) 150192, ¶ 17.

¶ 12 "Proceedings instituted under the Act implicate statutory standing principles," because the right of action created by the Act sets "a condition for petitioning for" relief thereunder: " '[a]ny person imprisoned in the penitentiary may institute a proceeding under' " the Act. *People v. Johnson*, 2021 IL 125738, ¶ 32 (quoting 725 ILCS 5/122-1(a) (West 2018)). Accordingly, a defendant's standing to file a petition under the Act depends upon whether the defendant meets the statutory condition of being imprisoned in the penitentiary when the defendant institutes the postconviction proceedings. *Johnson*, 2021 IL 125738, ¶ 32. If a defendant has fully served the defendant's underlying sentence before filing a petition, the defendant's liberty is not curtailed by the State in any way, and the defendant therefore is not a person "imprisoned in the penitentiary" as required to obtain postconviction relief. *Johnson*, 2021 IL 125738, ¶ 37. In other words, a defendant loses standing to seek relief under the Act if the defendant is no longer "imprisoned in the penitentiary" because the defendant has fully discharged the defendant's sentence for the challenged conviction. *Johnson*, 2021 IL 125738, ¶ 37.

¶ 13 Moreover, "[o]nly the direct consequences of a conviction confer standing under the Act." *Johnson*, 2021 IL 125738, ¶ 67. In the context of a guilty plea, direct consequences are defined as those that are "limited to the penal consequences of [the] plea, *i.e.*, the consequences that relate to the sentence imposed on that plea." *Johnson*, 2021 IL 125738, ¶ 67. A collateral consequence, on the other hand, "is an effect upon a defendant that the circuit court has no authority to impose, and it results from an action that may or may not be taken by an agency that the trial court does not control." *Johnson*, 2021 IL 125738, ¶ 66. For example, "registration obligations arising under the Sex Offender Registration Act are collateral consequences that do not confer standing to challenge

5

the underlying conviction under the Act." *Johnson*, 2021 IL 125738, ¶ 69. In the absence of standing, a petition filed under the Act is necessarily frivolous and patently without merit, and therefore is subject to summary dismissal. *Johnson*, 2021 IL 125738, ¶ 50.

¶ 14    As OSAD notes, in this case, the defendant completed his sentence of 24 months of probation for the underlying conviction on February 22, 2010, and therefore, was no longer subject to any restrictions on his liberty resulting from his sentence of probation. In his response to OSAD's *Finley* motion, the defendant contends that one condition of his underlying sentence was that he "register as a sex offender for a period of 10 years," and that he had not completed that condition by the time he was discharged from probation in 2010. We first note that the defendant's sentencing order pursuant to his guilty plea does not state that he was required to register as a sex offender for a period of 10 years; as described above, it states that he was required to register as a sex offender "with the proper authority, as directed by the Probation Officer." Second, as explained above, "registration obligations arising under the Sex Offender Registration Act are collateral consequences that do not confer standing to challenge the underlying conviction under the Act." *Johnson*, 2021 IL 125738, ¶ 69. Third, even if the 10-year registration requirement alleged by the defendant were true, and even if a sex offender registration requirement conferred standing under the Act, the defendant's purported 10-year registration requirement would have expired in 2017, which was 10 years after he was sentenced following his plea of guilty, and was 7 years before he filed the motion for leave to file a successive postconviction petition that is at issue in this appeal.

¶ 15    The defendant also claims in his response to OSAD's *Finley* motion that he is not challenging his conviction for criminal sexual abuse but rather a conviction he allegedly received in 2013 for failure to register as a sex offender. However, the only conviction involved in this case

6

is the one for criminal sexual abuse. No other conviction is properly before this court. See, *e.g.*, *Johnson*, 2021 IL 125738, ¶ 70.

¶ 16                                    III. CONCLUSION

¶ 17     We agree with OSAD that the defendant does not have standing to seek relief under the Act, and that therefore the trial court did not err in denying the defendant's motion for leave to file a successive postconviction petition. Moreover, this court's examination of the entire record establishes that this appeal presents no other issues of arguable merit. Therefore, the motion of appointed counsel to withdraw is granted, and the judgment of the circuit court of Jackson County is affirmed.

¶ 18     Motion granted; judgment affirmed.