NOTICE
Decision filed 03/18/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241197-U

NO. 5-24-1197

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 07-CF-1120 |
| | ) | |
| ROBERT E. NICHOLSON, | ) | Honorable |
| | ) | Thomas E. Griffith, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the defendant failed to establish cause for not presenting his postconviction claims earlier, the trial court did not err in denying him leave to file a successive postconviction petition. Because no argument to the contrary would have arguable merit, this court grants appellate counsel leave to withdraw and affirms the judgment of the trial court.

¶ 2    The defendant, Robert E. Nicholson, is serving a prison sentence for first degree murder. He appeals from the trial court's order denying his third motion for leave to file a successive postconviction petition. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit, and on that basis, OSAD has filed a motion for leave to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a supporting memorandum of law. OSAD served the defendant with notice. This court gave him ample opportunity to file a written response to OSAD's motion, but the

1

defendant has not filed a response. This court has examined OSAD's *Finley* motion and memorandum of law, the record on appeal, and prior decisions in appeals stemming from the defendant's criminal case. This court concludes that this appeal does indeed lack merit, and accordingly, this court grants OSAD leave to withdraw as counsel and affirms the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4    On August 1, 2007, the defendant strangled and killed his wife, Donna Nicholson. In connection with that killing, the State charged the defendant with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2006)), plus another felony. In June 2008, the cause proceeded to a trial by jury. At every stage of the trial, from *voir dire* through the reading of the verdict, the defendant was present in the courtroom with trial counsel. The jury found the defendant guilty of first degree murder. In September 2008, the trial court sentenced him to imprisonment for 30 years and mandatory supervised release for 3 years.

¶ 5    To the Appellate Court, Fourth District,[1] the defendant appealed from the judgment of conviction. In his direct appeal, the defendant argued that (1) the trial court erred in failing to suppress his videotaped interrogation, (2) the State failed to prove him guilty beyond a reasonable doubt, (3) the court erred in precluding him from presenting evidence, and (4) the prosecutor engaged in misconduct by eliciting certain testimony. The appellate court affirmed the judgment of conviction. *People v. Nicholson*, No. 4-08-0792 (Jan. 6, 2010) (unpublished order under Illinois Supreme Court Rule 23). Included in that decision was a detailed discussion of the trial evidence establishing the defendant's guilt.

---

[1]Macon County was redistricted from the Fourth District to the Fifth District. Ill. S. Ct., M.R. 30858 (eff. Dec. 8, 2021).

¶ 6    In November 2010, the defendant *pro se* filed his initial petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2008)). The postconviction petition raised a wide variety of claims including, *inter alia*, claims of actual innocence, prosecutorial misconduct, and ineffective assistance of trial counsel. The trial court appointed postconviction counsel for the defendant, and counsel filed an amended postconviction petition. The amended petition merely adopted the claims presented in the *pro se* petition. The State filed a motion to dismiss the amended petition. After a hearing, the court granted the State's motion, dismissing the defendant's amended postconviction petition. The defendant appealed. The Fourth District affirmed the judgment. *People v. Nicholson*, 2014 IL App (4th) 120761-U.

¶ 7    On January 8, 2021, the defendant *pro se* filed a motion for leave to file a successive postconviction petition (motion for leave). He claimed "newly discovered evidence." In April 2021, the trial court denied the defendant's motion for leave. The court noted that the defendant alleged newly discovered evidence but did not indicate in any way "what this newly discovered evidence may be." The defendant appealed. His appointed counsel on appeal, OSAD, moved to dismiss the appeal. The appellate court granted OSAD's motion, dismissing the appeal. *People v. Nicholson*, No. 4-21-0318 (Oct. 21, 2021) (unpublished order).

¶ 8    On June 21, 2022, the defendant *pro se* filed his second motion for leave to file a successive postconviction petition. Among the claims the defendant sought to raise were claims related to *Batson v. Kentucky*, 476 U.S. 79 (1986). It was the first time that the defendant had raised *Batson*-related claims. In *Batson*, the United States Supreme Court held that the prosecution's intentional use of peremptory challenges to exclude blacks from a jury violates a defendant's right to equal protection under the fourteenth amendment of the United States Constitution (U.S. Const., amend. XIV). In his second motion for leave, the defendant stated:

"I asked [trial counsel] to file a motion for *Batson v. Kentucky* because [I] had a[n] all white jury and [I] am black and my wife was white. A pool of twenty-eight people was brought in with only one black in the pool. I knew right then that [I] was not going to get a fair trial! Of co[u]rse the black man was sent home right away. [Trial counsel] never filed the motion, and my appeals attorney would not file the motion either."

As for the "cause" of the defendant's failure to raise his postconviction claims earlier, the defendant stated: "medical problems, eye operation, hip operation, blood clotting problems, covid problems, kidney operation." As for "prejudice," the defendant wrote: "I have newly discovered evidence substantiated by transcript/common law record." The motion for leave had numerous exhibits attached thereto.

¶ 9       The trial court entered a written order that denied the defendant's second motion for leave. The defendant appealed to this court, thus initiating the appeal in appellate court No. 5-22-0670. This court appointed OSAD as appellate counsel for the defendant.

¶ 10       OSAD filed with this court a *Finley* motion to withdraw as counsel, and it provided the defendant with notice of the *Finley* motion. In response, the defendant filed with this court a letter that focused exclusively on the alleged ineffective assistance provided by trial counsel when he failed to ensure that jury selection complied with *Batson*.

¶ 11       On October 12, 2023, this court issued its decision, in which it found, *inter alia*, that the defendant had failed to establish cause for his failure to bring his claims in his initial postconviction proceeding or in his 2021 motion for leave to file a successive petition. Regarding the *Batson*-related claims in particular, this court noted that the record showed that the defendant was in court at the time the alleged lone black juror was excused from jury service. This court granted OSAD's

*Finley* motion and affirmed the trial court's denial of the defendant's second motion for leave. *People v. Nicholson*, 2023 IL App (5th) 220670-U.

¶ 12 On June 14, 2024, the defendant filed the motion that is the subject of the instant appeal—his third motion for leave to file a successive postconviction petition. The defendant again sought to raise postconviction claims related to *Batson*. He claimed that he had been deprived of his constitutional right to (1) equal protection, as articulated in *Batson*, when the State exercised a peremptory challenge against the lone black venireperson at his trial; (2) effective assistance of trial counsel, where counsel failed to challenge, on *Batson* equal-protection grounds, the State's exercise of a peremptory challenge against the black venireperson; and (3) effective assistance of appellate counsel, where counsel failed to raise the *Batson* issue because the issue had been waived. As cause for not raising these *Batson*-related claims earlier, the defendant stated: "I did not know about the *Batson v. Kentucky* claim and my attorney did not tell me about the *Batson* claim." (This court notes that this allegation of ignorance about *Batson* is inconsistent with the allegation contained in the defendant's second motion for leave, wherein the defendant alleged that he asked trial counsel to challenge the exclusion of the black venireperson on *Batson* grounds.) To show prejudice, the defendant stated that the State had peremptorily challenged the sole black venireperson at his trial to deprive him of his right to a jury drawn from a cross-section of the community, thus violating equal protection under *Batson*.

¶ 13 Attached to the defendant's third motion for leave was, *inter alia*, the first page of a letter from OSAD to the defendant, dated February 14, 2023, regarding the appeal in appellate court No. 5-22-0670 (the appeal immediately prior to the instant appeal). That letter included the following sentence: "Regarding your complaint that the only black juror was removed from the panel (the

5

*Batson* claim), this claim could have been raised in your initial petition, so it has been waived, and nothing in your petition explains why you did not raise it earlier."

¶ 14    On September 13, 2024, the trial court entered an order that denied the defendant leave to file a successive petition. The court stated, *inter alia*, that the defendant had not established cause for not raising the *Batson* claim earlier. "[H]e could have raised the *Batson* claim either in his original post-conviction petition or during the [d]efendant's original trial and appeal. The [d]efendant sets forth no reason why this issue was not raised."

¶ 15    The defendant perfected a late notice of appeal. This court appointed OSAD as the defendant's counsel on appeal.

¶ 16                                II. ANALYSIS

¶ 17    In the legal memorandum that accompanies its *Finley* motion to withdraw, OSAD raises the potential issue of whether the trial court erred when it denied the defendant's third motion for leave to file a successive postconviction petition. OSAD concludes that this issue would lack arguable merit. This court agrees.

¶ 18    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a mechanism by which a criminal defendant may challenge his conviction by filing a petition for relief in the circuit court. *Id.* § 122-1. The Act allows a defendant to assert that there was a substantial denial of his federal or state constitutional rights in the proceedings that resulted in his conviction or sentence. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The Act contemplates the filing of only one postconviction petition. 725 ILCS 5/122-1(f) (West 2022). If a defendant desires to file a successive postconviction petition after his initial petition is dismissed, he must request leave of court before filing it. *Id.*

¶ 19    Unless a defendant asserts a claim of actual innocence (which this defendant did not do, in this instance), a court will grant him leave only if he satisfies the cause-and-prejudice test. *Id.*; *People v. Montanez*, 2023 IL 128740, ¶ 77. To establish "cause" under the cause-and-prejudice test, a defendant must identify an objective factor, external to the defense, that impeded his ability to raise a specific claim during his initial postconviction proceeding. 725 ILCS 5/122-1(f) (West 2022); *Montanez*, 2023 IL 128740, ¶ 77. To establish "prejudice," a defendant must demonstrate that the claimed constitutional error so infected the trial that the resulting conviction or sentence violates due process. 725 ILCS 5/122-1(f) (West 2022); *Montanez*, 2023 IL 128740, ¶ 77. It is the defendant's burden to make a *prima facie* showing of cause and prejudice in order to be granted leave before any further proceedings on his claims can occur. *People v. Bailey*, 2017 IL 121450, ¶ 24. A defendant cannot obtain leave of court unless he satisfies each of the two elements of cause and prejudice; it is not sufficient to establish only one element. *People v. Guerrero*, 2012 IL 112020, ¶ 15. This court reviews *de novo* the trial court's denial of a defendant's motion for leave to file a successive postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶ 39.

¶ 20    Here, the defendant, in his third motion for leave to file a successive postconviction petition, sought to raise postconviction claims related to *Batson*. He stated that the cause of his not raising those claims earlier was that he "did not know about" *Batson*, and that his attorney "did not tell [him] about" *Batson*. In other words, the defendant alleged that his ignorance of the *Batson* decision was the reason he did not raise his claims earlier. However, our supreme court has held that ignorance of the law, at the time of the initial postconviction petition, can never establish cause for filing a successive postconviction petition. *People v. Evans*, 2013 IL 113471, ¶¶ 12-13. The defendant's ignorance of the *Batson* decision cannot establish cause. Therefore, the trial court did not err in declining to grant the defendant leave to file a successive petition.

7

¶ 21 Furthermore, the defendant had an opportunity to raise his *Batson*-related claims in the direct appeal, or in the original or an amended postconviction petition, but he did not raise them on either occasion. Issues that could have been raised on direct appeal, but were not, are forfeited. *People v. Taliani*, 2021 IL 125891, ¶ 53. Any constitutional claim not raised in the original or an amended postconviction petition is thereafter forfeited. 725 ILCS 5/122-3 (West 2022); *Taliani*, 2021 IL 125891, ¶ 53. Therefore, the *Batson*-related claims that the defendant sought to raise in his third motion for leave to file a successive postconviction petition are forfeited.

¶ 22                                   III. CONCLUSION

¶ 23 The trial court did not err in denying the defendant's third motion for leave to file a successive postconviction petition. No argument to the contrary would have arguable merit. Accordingly, this court grants OSAD's *Finley* motion to withdraw as counsel and affirms the trial court's order denying the defendant's third motion for leave.

¶ 24 Motion granted; judgment affirmed.